UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>WEI QUAN WU,<br><br>    Defendant. | NO. CR20-173-JCC-1<br><br>[~~PROPOSED~~]<br><br>**PRELIMINARY**<br>**ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for a Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Wei Quan Wu's interest in the following property:

 a. $314,320 in U.S. currency that was seized from his residence on October 21, 2020;

 b. the real property located at 310 Seattle Boulevard South, Pacific, Washington, titled to Wei Quan Wu;

 c. $67,505 in currency that was seized from his residence in February 2018;

 d. $19,500 in currency seized from Bank of America safe deposit box #583 in February 2018;

 e. $3,004.30 in funds seized from US Bank acct -8767 in February 2018;

f.      $5,699.16 in funds seized from US Bank acct -8766 in February 2018;

g.      $6,077.12 in funds seized from Bank of America acct -1839 in February 2018;

h.      $1,755.89 in funds seized from Bank of America acct -1839 in February 2018;

i.      $5,161.65 in funds seized from Bank of America acct -7790 in February 2018;

j.      $1,147.04 in funds seized from Bank of America acct -7790 in February 2018; and

k.      Miscellaneous jewelry seized from Bank of America safe deposit box #583 in February 2018.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- The above-identified property is forfeitable pursuant to 21 U.S.C. § 853 as proceeds of and/or facilitating property for Defendant Wei Quan Wu's *Conspiracy to Manufacture and Distribute Marihuana*, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; and,

- In the Plea Agreement he entered on August 18, 2023, the Defendant agreed to forfeit his interest in the above-identified property pursuant to 21 U.S.C. § 853 (Dkt. No. 96, ¶ 14).


NOW, THEREFORE, THE COURT ORDERS:

1.      Pursuant to 21 U.S.C. § 853 and his Plea Agreement, the Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

Preliminary Order of Forfeiture - 2
*United States v. Wei Quan Wu*, CR20-173-JCC-1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced; it will be made part of the sentence; and it will be included in the judgment;

3.      The United States Department of Justice, the United States Postal Inspection Service, and/or their authorized agents or representatives, shall maintain the property in their custody and control until further order of this Court;

4.      Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the property as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

      a.      shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

      b.      shall be signed by the petitioner under penalty of perjury; and,

      c.      shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5.      If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

Preliminary Order of Forfeiture - 3
*United States v. Wei Quan Wu,* CR20-173-JCC-1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6.     If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7.     The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 27th day of October 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

Presented by:

 s/ Karyn S. Johnson
KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-2462
Fax: 206-553-6934
Karyn.S.Johnson@usdoj.gov

Preliminary Order of Forfeiture - 4
*United States v. Wei Quan Wu*, CR20-173-JCC-1